### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES-GENERAL

Case No. **ED CV 15-563-R (PLA)**                                    Date **March 30, 2015**

Title:   **Jerome Wilson v. Ron Rackley, Warden**

--------------------------------------------------------------------------------------------------------------

PRESENT:  THE HONORABLE    **PAUL L. ABRAMS**

☐ **U.S. DISTRICT JUDGE**

☒ **MAGISTRATE JUDGE**

| **Christianna Howard** | **N/A** | **N/A** |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

**ATTORNEYS PRESENT FOR PETITIONER:**            **ATTORNEYS PRESENT FOR RESPONDENT:**
                    NONE                                                                    NONE

**PROCEEDINGS:**           **( IN CHAMBERS)**

On March 24, 2015, petitioner filed a "F[ir]st Amended Petition for Writ of Habeas Corpus by a Person in State Custody[1] ("Petition" or "Pet."). (Dkt. No. 1). Petitioner challenges a 1999 conviction in the San Bernardino County Superior Court, in case number FWV012851. (Pet. at 2).[2] He alleges eight grounds for relief relating to his sentence, citing to the passage of California's Three Strikes Reform Act on November 7, 2012,[3] as the reason for his delay in bringing the Petition: (1) Reason for Delay ("Ground One"); (2) ineffective assistance of appellate counsel for failing to argue that trial counsel was ineffective for failing to object to petitioner's illegal sentence ("Ground Two"); (3) the trial court erred in refusing to recall petitioner's twenty-five years to life sentence, which was imposed but stayed ("Ground Three"); (4) the sentencing court violated petitioner's statutory and constitutional rights by imposing an excessive sentence ("Ground Four"); (5) the trial court acted in excess of its jurisdiction by imposing an unauthorized sentence "when it erroneously stays or fails to stay execution of a sentence or fails to impose or strike an . . . enhancement in violation of statutory and constitutional

---

[1]     The Court notes that despite deeming this a First Amended Petition, petitioner has not filed a previous petition under this case number.

[2]     Petitioner inserted typewritten pages detailing his grounds for relief after pages 5 and two of the three page 6s of the form Petition ("6a," "6b," "6c"). The inserted pages will be referred to as 5-1 through 5-3, 6-4 through 6-6, and 6-7 through 6-8, to reflect the page numbers used by petitioner.

[3]     The Three Strikes Reform Act, adding California Penal Code section 1170.126, "created a postconviction release proceeding whereby a prisoner who is serving an indeterminate life sentence imposed pursuant to the three strikes law for a crime that is not a serious or violent felony and who is not disqualified, may have his or her sentence recalled and be sentenced as a second strike offender unless the court determines that resentencing would pose an unreasonable risk of danger to public safety." People v. Yearwood, 213 Cal. App. 4th 161, 168 (Cal. App. 5 Dist. 2013).

---

provisions" ("Ground Five"); (6) the sentencing court breached a 1992 plea agreement ("Ground Six"); (7) the abstract of judgment was not sufficient evidence to prove a prior conviction ("Ground Seven"); and (8) the superior court and court of appeal failed to act when they denied petitioner's petition for habeas corpus, in violation of the 14th Amendment ("Ground Eight").  (Pet. at 5 to 5-3, 6a to 6-6, 6b to 6-8, 6c).

Preliminarily, the Court notes that petitioner has filed prior habeas actions in this Court relating to his 1999 conviction.[4]  (See e.g., ED CV 01-809-R (PLA), ED CV 07-14-R (PLA)).  Accordingly, it appears that the instant Petition may be successive.

Next, petitioner indicated he exhausted each of his eight grounds for relief by checking the "Yes" box to the question, "Did you raise this claim in a habeas petition to the California Supreme Court."  (See Pet. at 4, 5, 6a, 6b, 6c).  However, on its face, the Petition reflects that petitioner's only habeas petition to the California Supreme Court was denied on March 27, 2002, and raised claims described by petitioner as "[constitutional] violation of 5th, 8th, 14th Amendments" and "misinterpretation of discret [sic] in consecutive sent. under 3x law."  (See Pet. at 3-4 ).[5]  Thus, the Petition appears to be either fully or partially unexhausted.  See, e.g., 28 U.S.C. § 2254(b)(1)(A); Baldwin v. Reese, 541 U.S. 27, 124 S. Ct. 1347, 1349, 158 L. Ed. 2d 64 (2004) (a state prisoner must exhaust his available state remedies before seeking federal habeas relief by fairly presenting his claim to a state supreme court having the power of discretionary review); Rose v. Lundy, 455 U.S. 509, 102 S. Ct. 1198, 1203, 71 L. Ed. 2d 379 (1982).

Accordingly, **no later than April 24, 2015**, petitioner is **ordered** to show cause why the Petition should not be dismissed as a fully or partially unexhausted petition.  To avoid dismissal, petitioner must file proof with this Court **on or before April 24, 2015**, that **each of his eight grounds for relief herein has previously been presented to the California Supreme Court, by providing this Court with a complete copy of either the petition for review or state habeas petition raising those claims to the California Supreme Court**.[6]  Filing of such proof shall be deemed compliance with this Order to Show Cause.

_____

    [4]     Petitioner appears to be a prolific filer in every court -- as noted by the court of appeal, after his direct appeal, petitioner has filed four habeas petitions in that court.  People v. Wilson, 2014 WL 197873, at *2 n.3 (Cal. App. 2 Dist. 2014).

    [5]     The Court has determined that on March 21, 2013, petitioner filed a petition for resentencing under section 1170.126 in the San Bernardino County Superior Court, in which he also raised other claims.  See People v. Wilson, 2014 WL 197873, at *1 (Cal. App. 2 Dist. 2014).  The trial court denied the petition on May 6, 2013, finding petitioner ineligible for resentencing due to his current commitment offenses for robbery and use of a firearm.  Id.  The court of appeal affirmed that petitioner was ineligible for resentencing under section 1170.126 because the jury had found true that petitioner had personally used a firearm during the commission of the burglary, as well as during the other offenses.  Id. at *2.  The court also found that petitioner's "remaining claims" were waived because he failed to raise them in his first appeal.  Id.  As described by the court of appeal in its decision, these claims appear to be similar to Grounds Three, Four, Five, Six, and Seven herein.  Id.  It is not clear whether any of petitioner's eight grounds for relief herein relate to the state courts' denial of his recent petition for resentencing.  Nor does petitioner provide evidence that these claims were subsequently raised to the California Supreme Court.  (But see infra note 6).

    [6]     The Court notes that the state supreme court website reflects a habeas petition filed on December 4, 2014, in case number S223100.  http://www.appellatecases.courtinfo.ca.gov (last visited March 30, 2015).  That petition was denied on February 18, 2015.  Id.  Petitioner did not include this information in his Petition.

**Petitioner is advised that his failure to timely file a response to this Order, as set forth herein, will result in a recommendation that the Petition be dismissed as unexhausted, and for failure to prosecute and follow Court orders.**[7]

cc:     Jerome Wilson, pro se

Initials of Deputy Clerk _____ch_____

---

[7]     The Court will not consider at this time the additional hurdles that must be overcome in order for this Court to have jurisdiction to consider petitioner's claims, i.e., whether the Petition is successive and/or timely.