1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

10                           **EASTERN DIVISION**

11

12   JEROME WILSON,                    )       No. ED CV 15-563-R (PLA)
                                        )
13                   Petitioner,        )       **ORDER TO SHOW CAUSE RE: DISMISSAL**
                                        )       **OF HABEAS PETITION AS SUCCESSIVE**
14          v.                          )       **AND/OR AS BARRED BY THE**
                                        )       **EXPIRATION OF THE STATUTE OF**
15   RON RACKLEY, Warden,               )       **LIMITATIONS**
                                        )
16                   Respondent.        )
                                        )
17   _____)

18   **A.      PROCEDURAL HISTORY**

19          Jerome Wilson ("petitioner") initiated this action on March 24, 2015, by filing a "F[ir]st

20   Amended Petition for Writ of Habeas Corpus by a Person in State Custody"[1] pursuant to 28 U.S.C.

21   § 2254 ("Petition" or "Pet.").  The Petition challenges his 1999 conviction in the San Bernardino

22   County Superior Court, case number FWV012851, for second degree burglary (Cal. Penal Code

23   § 459), second degree robbery (Cal. Penal Code § 211), assault with a deadly weapon (Cal. Penal

24   Code § 245(b)), and possession of a semi-automatic pistol (Cal. Penal Code § 12022.5(a)).  (Pet.

25   at 2).

26

27   _____

28          [1]    The Court notes that despite deeming this a First Amended Petition, petitioner has not filed a
     previous petition under this case number.

1
2
3
4
5
6

On March 30, 2015, the Court ordered petitioner to show cause why the Petition should not be dismissed as fully unexhausted[2] ("Order to Show Cause").  (Dkt. No. 4).  On April 15, 2015, petitioner filed a Response to the Order to Show Cause, demonstrating that he previously had raised the eight claims in the Petition in a habeas petition to the California Supreme Court, and the California Supreme Court had denied his habeas petition on February 18, 2015.  (Dkt. No. 7).  Accordingly, the Court's March 30, 2015, Order to Show Cause is **discharged**.

7
8
9
10
11
12
13
14
15
16

The Court observes that on October 22, 2001, petitioner filed an earlier habeas petition in this Court, in case number ED CV 01-809-R (PLA) ("ED CV 01-809"), also challenging his 1999 conviction ("2001 Petition").  The 2001 Petition was denied and dismissed with prejudice on the merits pursuant to the Judgment entered on March 11, 2003.  (Case No. ED CV 01-809, Dkt. No. 59).  Petitioner's request for a certificate of appealability was denied by the District Judge on April 1, 2003.  (Case No. ED CV 01-809, Dkt. No. 62).  Petitioner's request for a certificate of appealability to the Ninth Circuit was granted in part, on the issue of whether the district court was correct in its procedural rulings regarding petitioner's request for stay and leave to amend the 2001 Petition.  (Case No. ED CV 01-809, Dkt. No. 66).  On October 19, 2005, the Ninth Circuit affirmed the district court's Judgment.  (Case No. ED CV 01-809, Dkt. No. 70).

17
18
19
20
21
22
23
24

On January 4, 2007, petitioner filed another habeas petition in this Court, in case number ED CV 07-14-R (PLA) ("ED CV 07-14"), also challenging his 1999 conviction ("2007 Petition").  On May 11, 2007, respondent filed a motion to dismiss the petition as successive.  (See ED CV 07-14, Dkt. Nos. 24-25, 28).  On May 24, 2007, conceding that the 2007 Petition was successive and that he had failed to seek permission from the Ninth Circuit to file a successive petition pursuant to 28 U.S.C. § 2244(b)(3)(A), petitioner moved to withdraw the 2007 Petition.  (See ED CV 07-14, Dkt. No. 27).  On June 6, 2007, the district court granted petitioner's request and dismissed the 2007 Petition without prejudice.  (ED CV 07-14, Dkt. No. 28).

25
26
27
28

[2]  The Court also noted in the Order to Show Cause that petitioner had previously filed two prior habeas actions in this Court relating to his 1999 conviction.  (Dkt. No. 4 at 2).  In light of the exhaustion issue, the Court declined to consider at that time "the additional hurdles that must be overcome for this Court to have jurisdiction to consider petitioner's claims, i.e., whether the Petition is successive and/or untimely."  (Id. at 3, n.7).  Those issues are now the subject of this Order.

1

2   **B.      SECOND OR SUCCESSIVE PETITIONS**

3          A federal habeas petition is successive if it raises claims that were or could have been

4   adjudicated on the merits in a previous petition.  Cooper v. Calderon, 274 F.3d 1270, 1273 (9th

5   Cir. 2001) (per curiam).  The AEDPA provides that a claim presented in a second or successive

6   federal habeas petition that was not presented in a prior petition shall be dismissed unless:

7          (A) the applicant shows that the claim relies on a new rule of constitutional law,
           made retroactive to cases on collateral review by the Supreme Court, that was
8          previously unavailable; or

9
           (B)(i) the factual predicate for the claim could not have been discovered previously
10         through the exercise of due diligence; and

11
           (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a
12         whole, would be sufficient to establish by clear and convincing evidence that, but for
           constitutional error, no reasonable factfinder would have found the applicant guilty
13         of the underlying offense.

14  28 U.S.C. § 2244(b)(2)(A), (B).

15         Furthermore, "[b]efore a second or successive application permitted by this section is filed

16  in the district court, the applicant shall move in the appropriate court of appeals for an order

17  authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A).

18         In his 2001 Petition, petitioner raised the following grounds for relief:  (1) the eyewitness

19  identifications were tainted by an impermissible in-field lineup, and the trial court improperly denied

20  his motion for a lineup; and (2) the trial court violated petitioner's right to due process when it failed

21  to grant petitioner's motion to exclude the in-court identifications of petitioner, because the in-field

22  showup was impermissibly suggestive.  (See ED CV 01-809, Dkt. No. 57; see also Pet.

23  /

24  /

25  /

26

27

28

1  at 17[3]).  The Court is unable to discern from its docket the claims raised in petitioner's 2007

2  Petition, which he voluntarily dismissed as successive.  (ED CV 07-14, Dkt. No. 27).

3       In the instant Petition, petitioner raises the following claims: (1) Reason for Delay ("Ground

4  One"); (2) ineffective assistance of appellate counsel for failing to argue that trial counsel was

5  ineffective for failing to object to petitioner's illegal sentence ("Ground Two"); (3) the trial court

6  erred in refusing to recall petitioner's twenty-five years to life sentence, which was imposed but

7  stayed ("Ground Three"); (4) the sentencing court violated petitioner's statutory and constitutional

8  rights by imposing an excessive sentence ("Ground Four"); (5) the trial court acted in excess of

9  its jurisdiction by imposing an unauthorized sentence "when it erroneously stays or fails to stay

10  execution of a sentence or fails to impose or strike an . . . enhancement in violation of statutory

11  and constitutional provisions" ("Ground Five"); (6) the sentencing court breached a 1992 plea

12  agreement ("Ground Six"); (7) the abstract of judgment was not sufficient evidence to prove a prior

13  conviction ("Ground Seven"); and (8) the superior court and court of appeal failed to act when they

14  denied petitioner's petition for habeas corpus, in violation of the 14th Amendment[4] ("Ground

15  Eight").  (Pet. at 5-16).

16       Because the 2001 Petition was denied on the merits, the instant Petition is considered to

17  be a successive application.  Even if petitioner's claims in the instant Petition satisfied the AEDPA

18  standards for filing a successive petition, he nevertheless is required to seek authorization from

19  the Ninth Circuit before filing a successive petition.  28 U.S.C. § 2244(b)(3)(A).  Here, there is no

20  indication that petitioner has obtained such permission from the Ninth Circuit.  See Burton v.

21  Stewart, 549 U.S. 147, 153, 127 S. Ct. 793, 166 L. Ed. 2d 628 (2007) (AEDPA requires petitioner

22  to receive authorization from the Court of Appeals before filing a second habeas petition).  It

23  therefore appears that the Court is without jurisdiction to entertain the current Petition under 28

24  _____

25      [3]  For ease of reference, the Court uses the ECF-generated page numbers when referring to the Petition.

26

27      [4]  Petitioner does not identify the specific state habeas petitions that he contends were wrongfully denied.  As noted in the Court's Order to Show Cause, petitioner has filed at least four habeas petitions in the California Court of Appeal alone.  (Dkt. No. 4 at 2 n.4 (citing People v.

28  Wilson, 2014 WL 197873, at *2 n.3 (Cal. App. 2 Dist. 2014)).

1  U.S.C. § 2244(b).  See id.; Cooper, 274 F.3d at 1274 ("'When the AEDPA is in play, the district
2  court may not, in the absence of proper authorization from the court of appeals, consider a second
3  or successive habeas application.'").

4

5  **C.    STATUTE OF LIMITATIONS**

6        Even if not successive, or even if the Ninth Circuit grants permission to file a successive
7  petition, the instant Petition is subject to the Antiterrorism and Effective Death Penalty Act of 1996
8  ("AEDPA") one-year statute of limitations period, as set forth under 28 U.S.C. § 2244(d).  See
9  Calderon v. U. S. Dist. Court (Beeler), 128 F.3d 1283, 1286 (9th Cir. 1997).[5]  In most cases, the
10 limitation period begins to run from "the date on which the judgment became final by conclusion
11 of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).
12       Petitioner was convicted by a San Bernardino County Superior Court jury on July 7, 1999.
13 (Pet. at 2).  His petition for review to the California Supreme Court was denied on February 14,
14 2001 (Pet. at 3), and his conviction became final on May 15, 2001, when the ninety-day period for
15 filing a petition for certiorari in the Supreme Court expired.  Bowen v. Roe, 188 F.3d 1157, 1158-59
16 (9th Cir. 1999).  Thus, the one-year limitation period for seeking federal habeas relief began to run
17 on May 16, 2001, and expired on May 15, 2002.  See 28 U.S.C. § 2244(d).
18       On its face, therefore, it appears that the instant Petition, in addition to being successive,
19 is barred by the statute of limitations.

20

21 **D.    CONCLUSION**

22       Based on the foregoing, petitioner is **ordered to show cause** (1) why the instant Petition
23 should not be dismissed as successive; and (2) why the instant Petition should not be dismissed
24 as time barred.  Specifically, **no later than May 15, 2015,** petitioner must submit to the Court the
25 following:  (1) documentation showing that, pursuant to 28 U.S.C. § 2244(b)(3)(A), he properly filed

26 _____

27      [5]   Beeler was overruled on other grounds in Calderon v. U. S. Dist. Court (Kelly), 163 F.3d
28 530, 540 (9th Cir. 1998) (en banc).

a motion in the Ninth Circuit for an order authorizing the district court to consider a successive petition, and that the Ninth Circuit issued such an order; and (2) a response making clear his arguments, if any, as to why the Petition should not be dismissed as time barred.    All facts relied upon by petitioner must be proved by testimony contained in a declaration signed under penalty of perjury pursuant to 28 U.S.C. § 1746, or in properly authenticated documents.

**Failure to respond by May 15, 2015, will result in the instant Petition being summarily dismissed as successive and/or as barred by the statute of limitations.**[6]

DATED:  April 17, 2015

_____
PAUL L. ABRAMS
UNITED STATES MAGISTRATE JUDGE

---

[6]    In the event that petitioner has not complied with 28 U.S.C. § 2244(b)(3)(A), and he does not provide documentation showing that he is not required to first receive Ninth Circuit authorization before filing a successive petition, he is advised that if he wishes to make a successive habeas application, he must file a "Motion for Order Authorizing District Court to Consider Second or Successive Petition Pursuant to 28 U.S.C. § 2244(b)(3)(A)" **directly with the Ninth Circuit**.  Until the Ninth Circuit issues such an order, any direct or implied request for a second or successive petition for writ of habeas corpus is barred by § 2244(b) and must be dismissed without prejudice to petitioner's right to seek authorization from the Ninth Circuit to file the petition.