UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| JEROME WILSON,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>RON RACKLEY, Warden,<br><br>　　　　　Respondent. | No. ED CV 15-563-R (PLA)<br><br>**ORDER SUMMARILY DISMISSING**<br>**HABEAS PETITION AS SUCCESSIVE** |

**I.**

**BACKGROUND**

Jerome Wilson ("petitioner") initiated this action on March 24, 2015, by filing a "F[ir]st Amended Petition for Writ of Habeas Corpus by a Person in State Custody"[1] pursuant to 28 U.S.C. § 2254 ("Petition" or "Pet."). The Petition challenges his 1999 conviction in the San Bernardino County Superior Court, case number FWV012851, for second degree burglary (Cal. Penal Code § 459), second degree robbery (Cal. Penal Code § 211), assault with a deadly weapon (Cal. Penal Code § 245(b)), and possession of a semi-automatic pistol (Cal. Penal Code § 12022.5(a)). (Pet. at 2).

---

[1] The Court notes that despite deeming this a First Amended Petition, petitioner has not filed a previous petition under this case number.

On March 30, 2015, the Magistrate Judge ordered petitioner to show cause why the Petition should not be dismissed as fully unexhausted. (Dkt. No. 4). The Magistrate Judge also observed that on October 22, 2001, petitioner filed an earlier habeas petition in this Court, in case number ED CV 01-809-R (PLA) ("ED CV 01-809"), also challenging his 1999 conviction ("2001 Petition"). The 2001 Petition was denied and dismissed with prejudice on the merits pursuant to the Judgment entered on March 11, 2003. (Case No. ED CV 01-809, Dkt. No. 59). Petitioner's request for a certificate of appealability was denied by this Court on April 1, 2003. (Case No. ED CV 01-809, Dkt. No. 62). Petitioner's request for a certificate of appealability to the Ninth Circuit was granted in part, on the issue of whether the district court was correct in its procedural rulings regarding petitioner's request for stay and leave to amend the 2001 Petition. (Case No. ED CV 01-809, Dkt. No. 66). On October 19, 2005, the Ninth Circuit affirmed the district court's Judgment. (Case No. ED CV 01-809, Dkt. No. 70). Additionally, on January 4, 2007, petitioner filed another habeas petition in this Court, in case number ED CV 07-14-R (PLA) ("ED CV 07-14"), also challenging his 1999 conviction ("2007 Petition"). On May 11, 2007, respondent filed a motion to dismiss the petition as successive. (See ED CV 07-14, Dkt. Nos. 24-25, 28). On May 24, 2007, conceding that the 2007 Petition was successive and that he had failed to seek permission from the Ninth Circuit to file a successive petition pursuant to 28 U.S.C. § 2244(b)(3)(A), petitioner moved to withdraw the 2007 Petition. (See ED CV 07-14, Dkt. No. 27). On June 6, 2007, the Court granted petitioner's request and dismissed the 2007 Petition without prejudice. (ED CV 07-14, Dkt. No. 28). In light of the exhaustion issue, the Magistrate Judge declined to consider at that time "the additional hurdles that must be overcome for this Court to have jurisdiction to consider petitioner's claims, i.e., whether the Petition is successive and/or untimely." (Dkt. No. 4 at 3, n.7).

On April 15, 2015, petitioner filed a Response to the Order to Show Cause, demonstrating that he previously had raised the eight claims in the instant Petition in a habeas petition to the California Supreme Court, and the California Supreme Court had denied his habeas petition on February 18, 2015. (Dkt. No. 7). Accordingly, the Magistrate Judge discharged the March 30, 2015, Order to Show Cause. (Dkt. No. 8).

On April 17, 2015, the Magistrate Judge ordered petitioner to show cause why the Petition should not be dismissed as second or successive, and/or as barred by the statute of limitations. (Dkt. No. 8). On June 5, 2015, petitioner filed his Response to the April 17, 2015, order to show cause ("Response" or "Resp."). (Dkt. No. 11).

## II.

## DISCUSSION

### A. SUCCESSIVE PETITION

A federal habeas petition is successive if it raises claims that were or could have been adjudicated on the merits in a previous petition. Cooper v. Calderon, 274 F.3d 1270, 1273 (9th Cir. 2001) (per curiam). The AEDPA provides that a claim presented in a second or successive federal habeas petition that was not presented in a prior petition shall be dismissed unless:

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A), (B). Furthermore, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

In his 2001 Petition, petitioner raised the following grounds for relief: (1) the eyewitness identifications were tainted by an impermissible in-field lineup, and the trial court improperly denied his motion for a lineup; and (2) the trial court violated petitioner's right to due process when it failed to grant petitioner's motion to exclude the in-court identifications of petitioner, because the in-field

showup was impermissibly suggestive. (See ED CV 01-809, Dkt. No. 57; see also Pet. at 17[2]). As mentioned above, the 2001 Petition was dismissed on the merits. In the instant Petition, petitioner raises the following claims: (1) reason for delay ("Ground One"); (2) ineffective assistance of appellate counsel for failing to argue that trial counsel was ineffective for failing to object to petitioner's illegal sentence ("Ground Two"); (3) the trial court erred in refusing to recall petitioner's twenty-five years to life sentence, which was imposed but stayed ("Ground Three"); (4) the sentencing court violated petitioner's statutory and constitutional rights by imposing an excessive sentence ("Ground Four"); (5) the trial court acted in excess of its jurisdiction by imposing an unauthorized sentence "when it erroneously stays or fails to stay execution of a sentence or fails to impose or strike an . . . enhancement in violation of statutory and constitutional provisions" ("Ground Five"); (6) the sentencing court breached a 1992 plea agreement ("Ground Six"); (7) the abstract of judgment was not sufficient evidence to prove a prior conviction ("Ground Seven"); and (8) the superior court and court of appeal failed to act when they denied petitioner's petition for habeas corpus, in violation of the 14th Amendment[3] ("Ground Eight"). (Pet. at 5-16).

Because the 2001 Petition was denied on the merits, the instant Petition is considered to be a successive application. In his Response, petitioner appears to argue that he should be permitted to file a successive application because the Supreme Court's decision in Martinez v. Ryan, 132 S. Ct. 1309 (2012), held that "ineffective assistance of counsel (IAC) at trial can be 'cause' to excuse a state court procedural default." (Resp. at 2). In his habeas petition to the San Bernardino County Superior Court, petitioner raised the same ineffective assistance of appellate counsel claim that he raises in Ground Two of the instant Petition. (Pet. at 4, 5). On July 9, 2014, the San Bernardino County Superior Court denied petitioner's petition on the procedural grounds that his petition was untimely; that his claims were or should have been raised on direct review;

---

[2] For ease of reference, the Court uses the ECF-generated page numbers when referring to the Petition.

[3] Petitioner does not identify the specific state habeas petitions that he contends were wrongfully denied. As noted in the Magistrate Judge's Order to Show Cause, petitioner has filed at least four habeas petitions in the California Court of Appeal alone. (Dkt. No. 4 at 2 n.4 (citing People v. Wilson, 2014 WL 197873, at *2 n.3 (Cal. App. 2 Dist. 2014)).

and that his claim that the evidence was insufficient to prove he suffered a prior conviction, "is not cognizable in a habeas corpus petition." (Resp. App. at 26).

Additionally, with his Response, petitioner also included a copy of his motion seeking permission to file a successive petition that he filed in the Ninth Circuit in case number 15-71715. (Resp. Attach. ("Petition for Permission to Appeal")). As the Magistrate Judge thoroughly informed petitioner in the April 17, 2015, Order to Show Cause, however, if petitioner wishes to make a successive habeas application in this Court, "he must file a 'Motion for Order Authorizing District Court to Consider Second or Successive Petition Pursuant to 28 U.S.C. § 2244(b)(3)(A)' **directly with the Ninth Circuit**. *Until the Ninth Circuit issues such an order*, any direct or implied request for a second or successive petition for writ of habeas corpus is barred by § 2244(b) and *must be dismissed without prejudice* to petitioner's right to seek authorization from the Ninth Circuit to file the petition." (Dkt. No. 8 at 6 n.6 (italics added)). As of the date of this Order, the Ninth Circuit docket in case number 15-71715 reflects that petitioner's motion was filed on June 4, 2015, and has not yet been ruled upon. See generally 9th Cir. Case No. 15-71715 Docket; see Burton v. Stewart, 549 U.S. 147, 153, 127 S. Ct. 793, 166 L. Ed. 2d 628 (2007) (AEDPA requires petitioner to *receive authorization* from the Court of Appeals *before* filing a second habeas petition).

Based on the foregoing, the Court is without jurisdiction to entertain the current Petition under 28 U.S.C. § 2244(b). See id.; Cooper, 274 F.3d at 1274 ("'When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application.'"). Thus, the Court finds that it is appropriate to **dismiss the Petition without prejudice** as successive.

### B.     STATUTE OF LIMITATIONS

Even if not successive, or even if the Ninth Circuit grants permission to file a successive petition, the instant Petition is subject to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") one-year statute of limitations period, as set forth under 28 U.S.C. § 2244(d). See

Calderon v. U.S. Dist. Court (Beeler), 128 F.3d 1283, 1286 (9th Cir. 1997).[4] In most cases, the limitation period begins to run from "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

Petitioner was convicted by a San Bernardino County Superior Court jury on July 7, 1999. (Pet. at 2). His petition for review to the California Supreme Court was denied on February 14, 2001 (Pet. at 3), and his conviction became final on May 15, 2001, when the ninety-day period for filing a petition for certiorari in the Supreme Court expired. Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999). Thus, the one-year limitation period for seeking federal habeas relief began to run on May 16, 2001, and expired on May 15, 2002. See 28 U.S.C. § 2244(d).

In his response to the April 17, 2015, Order to Show Cause, petitioner argues that where a petitioner is raising a state court sentencing error claim, the rule "requiring a habeas corpus petitioner to justify any substantial delay . . . is inapplicable," and an appellate court may "correct a sentence that is not authorized by law whenever the error comes to the attention of the court." (Resp. at 3 (internal quotation marks omitted)). On July 9, 2014, the San Bernardino County Superior Court denied this same claim, stating:

> To the extent petitioner claims that those procedural bars [timeliness, failure to previously raise claim in the court of appeal, and non-cognizable habeas claim] should not be applied to him because his sentence is illegal, he is incorrect. A trial court's discretionary sentencing choice is not the same thing as an "illegal" sentence. Furthermore, for the reasons set forth in the court of appeal's opinion in case number E058849, petitioner's current sentence is not illegal.

(Resp. App. at 26).

Because the Court finds that it is appropriate to dismiss the instant Petition as successive, the Court will not reach the issue of whether the Petition is also time barred.

/

/

/

---

[4] Beeler was overruled on other grounds in Calderon v. U.S. Dist. Court (Kelly), 163 F.3d 530, 540 (9th Cir. 1998) (en banc).

## III.

## ORDER

IT IS THEREFORE ORDERED that the Petition is **dismissed without prejudice** as successive.

DATED: June 12, 2015

_____
HONORABLE MANUEL L. REAL
UNITED STATES DISTRICT JUDGE